UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRYONN D PUGH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> MARTINEZ DETENTION FACILITY, et al., <br><br> Defendants. | Case No. 22-cv-01487-JSW <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

# INTRODUCTION

Plaintiff Terryonn Pugh, an inmate at the Contra Costa County Jail proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983 on behalf of himself and other inmates complaining about jail conditions related to the Covid-19 pandemic. Pugh is granted leave to proceed in forma pauperis in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

# ANALYSIS

A. **STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

**B.  LEGAL CLAIMS**

Pugh alleges that Defendants failed to take adequate precautions to prevent the spread of Covid-19 at the Contra Costa County Jail, and as a result, many inmates got sick. Pugh names additional inmates as plaintiffs. Pugh is the only inmate to have signed the complaint or filed an application to proceed in forma pauperis. As Pugh is not a lawyer, he cannot represent other inmates or file pleadings on their behalf. If the other Plaintiffs wish to pursue their claims, and have a lawyer representing them, they may file a joint complaint. If they wish to proceed without a lawyer, they must each file their own individual complaints.

Plaintiff alleges that inadequate safeguards against the spread of Covid-19 were taken at the jail, which led to the spread of the disease among inmates. He has not alleged, however, the circumstances in which he was exposed, or whether, when, or how he got the disease. He has also failed to allege the specific actions or omissions by each Defendant that caused him to get sick. Superiors at the jail are not liable for the acts of their subordinates simply because of their superior position. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Accordingly, Pugh complaint must be dismissed for failure to state a claim upon which relief may be granted. Pugh will be given leave to file an amended complaint to cure the deficiencies in his claims.

**CONCLUSION**

1.  Claims brought by all Plaintiffs other than Pugh are DISMISSED without leave to amend.

2.  Plaintiff Pugh shall file an amended complaint within **twenty-eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 22-1487 JSW (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.</u>

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion, although he may request an extension of time provided it is accompanied by a showing of good cause and it is filed on or before the deadline he wants to extend. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 25, 2022

_____
JEFFREY S. WHITE
United States District Judge