UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TERRYONN D. PUGH,

    Plaintiff,

v.

DEPUTY A. MALONE, et al.,

    Defendants.

Case No. 22-cv-01487-JSW

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff Teryonn Pugh, an inmate at the Contra Costa County Jail, filed this pro se civil rights case under 42 U.S.C. § 1983. He has timely filed an amended complaint suing officials at the Contra Costa County Jail for failing to take adequate precautions against the spread of COVID-19. For the reasons discussed, service of process is ordered served upon Defendants A. Malone and C. Golden, two jail deputies.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the

1  statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon

2  which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

3  in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

4  obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and

5  conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

6  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell

7  Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

8  must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

9      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1)

10 that a right secured by the Constitution or laws of the United States was violated, and (2) that the

11 alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*,

12 487 U.S. 42, 48 (1988).

13 **B.**   **LEGAL CLAIMS**

14     When liberally construed, Plaintiff's allegations state cognizable claims against Defendants

15 A. Malone and C. Golden for violating his right to due process by failing to take sufficient

16 precautions against the spread of COVID-19 at the Martinez Detention Facility.  Plaintiff states

17 that he is suing the "Medical Supervisor" and the "Jail Supervisor" as well for failing to take such

18 precautions and provide him with adequate medical care when he contracted the virus.  He does

19 not provide their names, however, so they cannot be sued.  If and when he wishes to provide their

20 names, he may do so by submitting a proposed Second Amended Complaint as an attachment to a

21 motion for leave to file the Second Amended Complaint.  Plaintiff is advised that if does file a

22 Second Amended Complaint, it will completely replace the Amended Complaint; therefore, it

23 must include all of the claims he wishes to present, including the claims found cognizable in this

24 order against Defendants Malone and Golden.

25                                 **CONCLUSION**

26     For the reasons set out above,

27     1. The Martinez Detention Facility" is not a Defendant.  The Clerk shall terminate it as a

Defendant on the Court's docket.

28

2. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the Amended Complaint (ECF No. 12) with all attachments thereto, and a copy of this order upon Deputy A. Malone and Deputy C. Golden at the Contra Costa County Jail. The Clerk shall send a courtesy copy of this order to the Contra Costa County Counsel's Office.

3. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

    a. No later than **91 days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon Defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e. Along with his motion, Defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

5. All communications by the Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

7. It is the Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 26, 2022

JEFFREY S. WHITE
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.