UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRYONN D PUGH,<br>　　　　Plaintiff,<br>　v.<br>CONTRA COSTA COUNTY, et al.,<br>　　　　Defendants. | Case No. 22-cv-01487-JSW<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 22 |

## INTRODUCTION

Plaintiff is and was at relevant times an inmate in the Contra Costa County Jail ("Jail"). Proceeding pro se, he filed this civil rights action under 42 U.S.C. § 1983 complaining about the conditions of his confinement. The operative complaint is the First Amended Complaint ("FAC") against two Jail officials, Deputies A. Malone and C. Golden (hereinafter "Defendants" unless otherwise specified). Defendants filed a motion for summary judgment. Plaintiff opposed the motion, and Defendant replied. For the reasons discussed below, the motion for summary judgment is GRANTED.

## BACKGROUND

Plaintiff has been in Module Q of the Jail since March 2021. Defendants worked in Module Q on February 16, 2022. Plaintiff makes the following allegations against them:

(1) On February 16, 2022, during laundry exchange, Defendants entered the cells of Covid-19-positive inmates and handled their dirty laundry, and then entered the cells of Plaintiff and other Covid-19-negative inmates, without changing their gloves.

(2) The same day, Defendants removed cleaning supplies from inmates' cells.

(3) On unspecified occasions, Defendants' masks did not properly cover their faces, or

they wore no mask.[1]

Defendants present evidence the Jail had a number of Covid-19 prevention measures, including weekly employee testing, ongoing inmate symptoms screening, sanitizing equipment, additional cleaning supplies, common area cleaning, decontamination of rooms previously occupied by Covid-19 positive inmates, frequent Covid antigen testing, inmate and employee masking, inmate cohorts, inmate housing quarantines for exposures, employee temperature checks and symptom screening, sealing and cleaning of contaminated laundry, employee gloves when handling contaminated laundry, and ongoing Covid-19 vaccinations for inmates. Defendants state they followed these protocols, and to the extent their masks did not adequately cover their faces, it was inadvertent and temporary.

The Court found, when liberally construed, these allegations stated a cognizable claim for the violation of Plaintiff's due process right to be free from unsafe conditions of confinement at the Jail. *See Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068-70 (9th Cir. 2016) (en banc) (due process protects pretrial detainees from officials' deliberate indifference to a serious risk of harm).[2]

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

---

[1] Plaintiff also alleges Defendants verbally harassed them. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981),

[2] There is no dispute that Plaintiff was a pretrial detainee at the time of the incidents.

2

1  issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving
2  party has met this burden of production, the nonmoving party must go beyond the pleadings and,
3  by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for
4  trial. If the nonmoving party fails to produce enough evidence to show a genuine issue of material
5  fact, the moving party wins. *Id*.

**II.     Analysis**

      1.     Exhaustion

Defendants argue Plaintiff did not exhaust the available administrative remedies for Plaintiff's claims against Defendants. The Prison Litigation Reform Act ("PLRA") requires inmates must first exhaust all available administrative remedies before filing claims under 42 U.S.C. § 1983. Exhaustion is a prerequisite to all prisoner lawsuits concerning jail life whether or not the relief they seek is available through the administrative grievance procedure. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). The PLRA requires "proper" exhaustion of administrative remedies, which means compliance "with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91, 93 (2006).

There is no dispute that the Jail had a process for administrative grievances available to raise Plaintiff's claims against Defendants and that Plaintiff knew about this process. The administrative grievance procedure consisted of three levels of review: (1) an informal complaint, (2) a written grievance, and (3) an appeal from the decision on the grievance to the Facility Commander. (ECF Nos. 22-5, 22-6.) There is also no dispute that Plaintiff filed only one administrative grievance relating to conduct by Defendants. On February 22, 2022, he filed a written grievance complaining about a number of issues, among which were that February 16, 2022, Defendants touched laundry from Covid-19 positive inmates and then touched the belongings of Covid-19 negative inmates without changing gloves, and took cleaning supplies from Plaintiff's cell. This (or any other) grievance did not include claims relating to Defendants' mask wearing. This grievance was denied, but Plaintiff did not appeal this decision to the Facility Commander, the final available level of administrative review. Therefore, Plaintiff did not

exhaust all of the available administrative remedies on his claims against Defendants.

Plaintiff argues the February 22, 2022, grievance was in fact an "appeal" of an earlier grievance on February 7, 2022. He produces no record of a grievance from February 7, 2022, or appealable decision on such a grievance. There is no dispute, moreover, that such a grievance alleged any conduct by Defendants, let alone the actions that underlie Plaintiff's due process claim, which largely occurred nine days later, on February 16, 2022. Plaintiff seems to argue he can exhaust the Jail's administrative remedies simply by labeling a grievance an "appeal" without first completing the lower levels of administrative review provided in the Jail's administrative grievance procedures. The Jail's administrative grievance system does not allow this.

The Court concludes there is no triable issue of fact that, if resolved in Plaintiff's favor, would show Plaintiff properly exhausted the available administrative remedies for his claims. Consequently, Defendants are entitled to summary judgment on exhaust grounds.

2. Due Process and Qualified Immunity

Even if the claims were exhausted, Defendants are entitled to summary judgment on qualified immunity grounds. A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Id.* at 236

The elements of a pretrial detainee's due process failure-to-protect claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071 (footnote omitted).  With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the facts and circumstances of each particular case.  *Id.*

Defendants argue there is no evidence their conduct was objectively unreasonable[3] because they followed prison policy with respect to taking Covid-19 precautions and inmates' cleaning supplies.[4]  Such an argument is unconvincing because if the policy they followed was objectively unreasonable, then their conduct was objectively unreasonable as well.  It is possible that Defendants' not changing gloves after handling Covid-19 positive inmates' laundry and being inside their cells (where Defendants may have touched contaminated surfaces or possessions) before handling the laundry or entering the cells of other inmates was objectively unreasonable.  It is also possible that Defendants' removing the cleaning supplies of inmates could be objectively unreasonable under the circumstances alleged.  There is, however, no clearly established law cited by the parties or of which the Court is aware providing that such conduct was objectively unreasonable.

With respect to mask-wearing, Plaintiff presents no evidence as to when, where, or how often Defendants wore masks that did not properly cover their faces or wore no mask.  The only evidence on this issue is Defendants' declarations they complied when prison policies governing mask-wearing, which followed changes in state and county health directives, if Defendants' masks ever did not cover their faces properly, that was inadvertent and temporary.  There is no clearly established law cited by the parties or apparent to the Court providing occasional, inadvertent, and temporary cases of masks not covering faces completely was, without more, objectively reasonable or created a substantial risk of harm so as to violate due process.

For the foregoing reasons, Defendants are entitled to summary judgment on Plaintiff's claims on qualified immunity grounds, in addition for lack of exhaustion.

---

[3] There is a triable factual dispute as to whether Plaintiff was injured by Defendants' alleged conduct: Defendants also argue Plaintiff was not injured because he did not test positive for Covid-19, and Plaintiff describes getting sick and having a number of symptoms that are consistent with Covid-19.

[4] Prison policy provided cleaning supplies were stored in janitorial closets, not cells, due to the chemicals in them.

**CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk shall enter judgment and close the file.

This order resolves docket number 22.

**IT IS SO ORDERED.**

Dated: December 7, 2023

JEFFREY S. WHITE
United States District Judge